# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-10593-GW(ASx) | Date | March 21, 2019 |
| Title | *Vadim Yuzefpolsky v. Southwest Airlines Co., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Katie E. Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Vadim Yuzefpolsky, *pro se*

Attorneys Present for Defendants:

Michael J. Terhar
Jonathan E. Hembree

**PROCEEDINGS:** **PLAINTIFF'S MOTION TO REMAND TO STATE COURT [12];**

**SCHEDULING CONFERENCE**

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Plaintiff's Motion is TAKEN UNDER SUBMISSION. Court to issue ruling.

The scheduling conference is continued to April 15, 2019 at 8:30 a.m., with a joint scheduling report to be filed by April 11, 2019. Parties may appear telephonically provided advanced notice is given to the clerk.

: 06

Initials of Preparer JG

<u>*Yuzefpolsky v. Southwest Airlines Co. et al*</u>; Case No. 2:18-cv-10593-GW-(ASx)
Tentative Ruling on Motion to Remand

**I.      Background**

Plaintiff Vadim Yuzefpolsky sued Defendant Southwest Airlines Co. ("Southwest") for negligence in the Superior Court for the County of Los Angeles. *See generally* Complaint, Docket No. 4-1. Plaintiff alleges that a Southwest employee was operating a luggage cart and injured Plaintiff when the employee crashed through a wall where Plaintiff was sitting. *See id.* ¶¶ 5-8. Plaintiff sought general damages consisting of pain and suffering in the amount of $100,000 and special damages consisting of medical bills in the amount of $15,440. *Id.* at p. 6.

Southwest removed the case to this Court, asserting diversity jurisdiction. Southwest is a Texas corporation with its principal place of business in Texas. *See* Notice of Removal, Docket No. 1, ¶ 8. Plaintiff was and is a resident of Los Angeles, California. *Id.* ¶ 7.

In response to the Notice of Removal, Plaintiff filed a Motion to Remand (the "Motion"), *see* Docket No. 12, and attached an "Amended Statement of Damages" claiming $44,560 in general damages and $15,440 in special damages for a total of $60,000, *see* Ex. A to the Motion, Docket No. 12. Thus, Plaintiff argues that the amount in controversy is less than the required $75,000 for diversity jurisdiction. Plaintiff provides no explanation for the amended amounts. *See generally id.* Southwest opposes. *See* Opposition to Motion ("Opp'n"), Docket No. 15.

**II.     Legal Standard**

The Court has an obligation to ensure that subject matter jurisdiction exists before proceeding. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "The party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). In order for a court to have jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction."). The matter in controversy must also "exceed[] the sum "or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

**III.    Discussion**

Plaintiff does not dispute that the parties are completely diverse, but simply argues that

1

because his Amended Statement of Damages is below $75,000, this Court does not have subject matter jurisdiction. *See generally* Motion. Southwest responds that the amount in controversy is determined during the outset of the case at the time of removal; and that removal is therefore proper based on Plaintiff's original statement of damages in excess of $75,000. *See* Opp'n at 5-6; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) ("it would, of course, make sense to accord the plaintiff's own claim some weight in determining the actual amount in controversy . . . . this is especially true where the complaint was originally filed in state court (with the requisite federal jurisdictional amount pleaded in the request for relief) because it is highly unlikely in that instance that the plaintiff would have inflated his request for damages solely to obtain federal jurisdiction."). Plaintiff did not file a reply.

The Court is inclined to deny the Motion. The Supreme Court has "held that voluntary reduction of the amount demanded below the sum necessary to give the . . . court jurisdiction could not defeat that jurisdiction once removal proceedings had been perfected." *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938); *see also Barcume v. Cortes*, 24 Fed. App'x 754, 756 (9th Cir. Dec. 10, 2001) ("It is well-settled that a claim in excess of the requisite amount in controversy, made in good faith in the complaint, satisfies the jurisdictional requirement. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." (internal quotation marks and citations omitted)); O'Connell & Stevenson, *Rutter Grp. Prac. Guide: Federal Civil Procedure Before Trial Ch. 2C-8 – Diversity Jurisdiction*, § 2:1799 (Rutter Group 2018) ("The amount in controversy is determined at the *time the action is commenced*. Subsequent amendments to the complaint, or dismissal of certain claims, reducing the demand to below $75,000, do not ordinarily oust diversity jurisdiction − as long as the original demand was made in 'good faith.'").

As there is no indication that the original statement of damages was made in bad faith, the amount in controversy exceeded the minimum jurisdictional requirement at the commencement of the case. Thus, the Court would conclude that it has diversity jurisdiction over the matter.

## IV.   Conclusion

Based on the foregoing discussion, the Court would **DENY** the Motion.